Samuels, J.
This cause is brought here by appeal from a decree of the Circuit court of Rockbridge county. A bill was filed in that court by William M. McMaster and Robert B. McMaster, two of the legatees in the will of Robert McKee, for the purpose of having the construction of a certain clause of the will judicially ascertainedand for the purpose of having an account of testator’s personal estate in the hands of the executors, and for the due execution of the will in all respects. The Circuit court rendered a decree upon all subjects thus brought before it; and from so much of the decree as put a construction on the controverted clause in the will, an appeal was allowed by this court on behalf of Robert B. McK. McMaster, one of the legatees designated in that clause.
Looking to other clauses in the will it is seen that the testator regarded Robert B. McK. McMaster the *276 legatee, with great favor; that he gave him the plantation on which testator lived at the date of his will, all his books and two thousand dollars; the money being bequeathed for the purpose of giving the legatee a thorough education. The 13th clause in the will, out of which this controversy arises, is in these words : “ I will and bequeath to the children of Arthur McMaster and David McMaster and to Robert B. McKee McMaster all the funds remaining after every just claim against my estate has been satisfied, to be equally divided between them.”
Arthur McMaster had five children, of whom Robert B. McK. McMaster the appellant was one; David McMaster also had five children.
Three different constructions of this clause have been insisted on in the progress of the cause :
1st. That Robert B. McK. McMaster should take one full third of the residuum, also one-fifth of another third bequeathed to Arthur McMaster’s children.
2d. That he should take one-third of the residuum, the other children of Arthur McMaster another, third, and the children of David McMaster the remaining third. This construction was insisted on here by the appellant’s counsel.
3d. That the residuum should be divided into ten shares, .and one given to each of Arthur McMaster’s five children, and one to each of David McMasfcer’s five children, thereby giving to the appellant one-tenth only thereof. '
The .construction last stated was adopted by the -Circuit court, .and is, in my opinion the true construction. The appellant was included in the description “the children of Arthur McMasterdescribing him .afterwards by name could not, of itself, give him more than he would otherwise have taken. The will does not in terms direct a division into three parts.; and then a subdivision of One part into four parts; and of *277 another part into five parts; and that the remaining part without further division be given to appellant. Nor is there anything in the will which by necessary implication would lead to that result. On the contrary, it is perfectly obvious that the testator was dividing the residuum between individual legatees and not between classes; no purpose is indicated which would be subserved by dividing them into classes and not regarding them as individuals. The amount of the bounty is the residuum; the objects of that bounty are the children of Arthur McMaster and those of David McMaster, designated by a general description, and we may add, by the particular description. It only remains to ascertain their respective interests; and that question is determined by the direction that the bounty is “ to be equally divided betiveen them
The testator having already, in previous clauses of the will, given to the appellant a large portion of his estate, may, from abundant caution, have included his name in the residuary clause lest it might be held that nothing more wTas intended' to be given lain.
I am of opinion there is no error in the part of the decree appealed from, and that it should be affirmed,
The other judges concurred in the opinion of Samuels, J.
Decree affirmed.